

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION NO. 01-173-JJB

LYMAN DAN WHITE, JR

## RULING AND ORDER

This matter is before the court on a motion for Injunction (doc. 139) filed by Defendant, Lyman Dan White, Jr. The Government has filed a response (doc. 140) to which Defendant has replied (doc. 145). There is no need for oral argument.

## Background

Mr. White plead guilty to health care fraud in violation of Title 18, United States Code, Sections 1347 and 2. From the proceeds of this crime, Mr. White purchased three parcels of land that he subsequently donated to Abounding Love Ministries. The Act of Donation (doc. 140 exhibit 1) was signed by Mr. White on August 15, 2001.

In his plea agreement (doc. 65), Mr. White agreed to forfeit all of his interest in any property traceable to or derived from profits related to his offense. This included the property subject to this petition. Also in his plea agreement, Mr. White agreed to waive the requirements necessary for a normal forfeiture proceeding under Federal Rules of Civil Procedure 32.2 and 43(a). Finally, in the same document, defendant agreed to waive all constitutional and statutory challenges in any manner to any forfeiture resulting from the plea agreement. Based on the plea agreement, Mr. White signed a Consent Judgment of Forfeiture on September 3, 2005 (doc. 140 exhibit 3). A final order of forfeiture was issued on July 18, 2006 (doc. 103).

### The Government's Argument

The United States argues that the motion for injunctive relief should be denied, without a hearing, because the Mr. White lacks standing. The Government argues that Mr. White's due process rights were not violated, and the forfeiture of his property has been fully litigated under the Federal Rules of Criminal Procedure, Rule 32.2 and Title 21 U.S.C. § 853. Additionally, the Government argues that Mr. White cannot meet the requisite burden for the issuance of an injunction.

**Standing**

Mr. White donated the property in question to Abounding Love Ministries under an Act of Donation dated August 15, 2001. Abounding Love Ministries became the rightful owner of said property and filed a claim in this criminal forfeiture which

was dismissed June 27, 2006 (doc. 101). The Fifth Circuit Court of Appeals upheld this ruling on November 8, 2007. Because Mr. White has no claim to the property, he has no standing to bring this Motion for an Injunction.

**Due Process**

Even if Mr. White has standing, the Government persuasively argues that Mr. White's due process rights were not violated during this criminal forfeiture proceeding. On May 3, 2005, Mr. White entered into a plea agreement where he consented to forfeit his interest in the property at issue,[1] waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture,[2] and agreed to waive all constitutional and statutory challenges in any manner to any forfeiture.[3] Additionally, on September 23, 2005, Mr. White signed a Consent Judgment of Forfeiture where he agreed to forfeit the property at issue. (doc. 80). Consequently, Mr. White has no property interest to assert a due process claim.

**Not Entitled to Injunction**

In order to grant a preliminary injunction, petitioner must meet four prerequisites: 1) a substantial likelihood of success on the merits; 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; 3) the threatened injury outweighs any damages that the injunction may cause the

---

[1] Plea Agreement section 6: "The defendant agrees to forfeit all of his interest in any asset traceable to, derived from, or is a substitute for property that constitutes the gross proceeds of his offense. "
[2] Plea Agreement section 7: "The defendant agrees, upon acceptance of his guilty plea, to consent to the entry of orders of forfeiture for such property and waives the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture…"
[3] Plea Agreement section 8: "The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds…"

defendants; and 4) the injunction will not disserve the public interest. *Allison v. Froehlke*, 470 F.2d 1123 (5th Cir. 1972); *Apple Barrel Productions Inc. v. Beard*, 730 F.2d 384 (5th Cir. 1984), cited in *Doe, et al v. Duncanville Independent School District, et al*, 986 F.2d 953 (5th Cir. 1993).

The Government argues that Mr. White cannot meet any of these requirements. There is little to no chance Mr. White will succeed on the merits. Mr. White did not own the property at the time of the forfeiture proceedings; and he is not the current owner; he therefore will not suffer irreparable injury if the property is now taken away. The Government maintains that if an injunction is issued, it will disserve the public interest in that the Government will have to continue the expenses associated with upkeep to the property as well as paying taxes on the property until it is sold.

## Conclusion

Under an Act of Donation, Mr. White donated the three lots in question to Abounding Ministries. In his plea agreement, Mr. White gave up any present or future claim to the property in question. Mr. White signed a Consent Judgment of Forfeiture regarding this property. Without any property, Mr. White lacks standing to contest the forfeiture and cannot claim any deprivation of due process. Moreover, even if Mr. White had standing, it is clear that he cannot meet the requisite factors for a preliminary injunction to be issued.

For the foregoing reasons, IT IS HEREBY ORDERED that Mr. White's Motion for Injunction (doc. 139) be DENIED.

Baton Rouge, Louisiana, the 19th day of March, 2008.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA